IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVRAZ INC., N.A., a Delaware Corporation,

                    Plaintiff,

    v.

THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,

                    Defendants.

Civ. No. 3:11-cv-00233-AC

OPINION AND ORDER

_____

ACOSTA, Magistrate Judge:

*Introduction*

      Plaintiff Evraz Inc., N.A. ("Evraz") moves to consolidate *Evraz Inc., N.A. v. The Travelers Indemnity Co.*, 3:11-cv-233-AC (the "Travelers Action"), with *Evraz Inc., N.A. v. The Continental Ins. Co.*, 3:08-cv-447-AC (the "Continental Action") (collectively "Actions"). Evraz filed the Continental Action on April 10, 2008, and the Travelers Action on February 23, 2011. In both Actions, Evraz seeks relief in the form of money damages and judicial declarations of the rights, duties, and liabilities of the parties with respect to insurance coverage

for Evraz's environmental damages liability. According to Evraz, consolidation is warranted because both Actions involve common issues of law and fact and judicial interests weigh in favor of consolidation. Defendant Travelers Indemnity Company ("Travelers") opposes the motion and argues that consolidation will prejudice it and fail to advance the interests of judicial economy.

*Background*

Both Actions arise from Evraz's environmental liabilities at the Portland Harbor Superfund Site and the Vancouver Shipyard. Evraz owns real property adjacent to the Portland Harbor Superfund Site and has been found liable by the Environmental Protection Agency and Oregon Department of Environmental Quality for investigation and mitigation of Natural Resources Damages ("NRD"). Evraz has incurred significant liability in furtherance of its investigation and clean-up efforts.

Evraz and its predecessor-in-interest maintained liability insurance to protect the business from the liability it now faces in connection with the environmental clean-up. According to Evraz, its insurers have breached the insurance contracts by failing to reimburse it for defense costs and clean-up liabilities. Evraz now seeks a declaratory judgment and money damages to remedy the defendants' alleged breach of the insurance policies.

Each case is in a different procedural posture. The Continental Action commenced in April 2008, and was originally assigned to Judge Jelderks. On January 13, 2009, Judge Jelderks issued, and Judge Mosman adopted, a Finding and Recommendation which granted partial summary judgment for Evraz. In that Findings and Recommendation, Judge Jelderks held that Continental owes Evraz a general duty to defend, but reserved judgment on whether particular defense costs claimed by Evraz were appropriate for reimbursement. Since that determination,

Evraz joined ten new defendants to the Continental matter. On the other hand, Evraz did not file the Travelers Action until 2011, and to date, the court has not ruled on any dispositive motions. Both Actions were assigned to this court in April 2013. Evraz now moves to consolidate the two cases.

*Legal Standard*

Federal Rule of Civil Procedure ("FRCP") 42(a) authorizes the court to consolidate actions involving "common question[s] of law or fact." FED. R. CIV. P. 42(a)(1). The court may consolidate for hearing or trial any and all matters at issue, including the entire case. *Id*. In making this determination, the court must weigh "the interest in judicial convenience against the potential delay, confusion and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003). The district court has broad discretion to decide whether to consolidate cases for trial. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

*Discussion*

Consolidation is appropriate only if there are common questions of law or fact and judicial interests weigh in favor of consolidation. Evraz argues there are no legal or factual issues unique to either Action. It asserts the Second Amended Complaints in each case "are identical apart from the named defendants and insurance policies involved," and were a necessary step toward making the two Actions "a comprehensive coverage litigation capable of providing all parties with complete relief and finality on all issues." (Pl.'s Mem. in Supp. at 5.) Because of the similar issues, Evraz argues that consolidation is appropriate in order to conserve judicial resources and avoid the risk of inconsistent rulings. Evraz also points out that Travelers is the only defendant in either case to oppose consolidation, as the defendants in the Continental

Action took no position on the issue. Travelers argues that there are potentially dispositive issues in the Travelers Action not at issue in the Continental Action, thus consolidation would unfairly prejudice Travelers and create the potential for delay, confusion, and increased expenses for all parties and the court. Although common issues exist between the two Actions, the court finds that the interests of judicial economy and ensuring consistent results weigh against wholesale consolidation at this time.

I.  Common Issues of Law and Fact

Evraz first argues that both Actions share common issues of law and fact. Travelers argues that there are potentially dispositive issues in this Action that are not at issue in the Continental Action. Specifically, Travelers argues that there are "lost policy" issues in this Action, and the Continental Action has been proceeding for nearly five years without any such issues. Evraz replies that the lost policy issue has been raised in the Continental Action, making the issue present in both cases.

Evraz asserts, and the court agrees, that the Second Amended Complaints in each case are identical apart from the named parties and the policies at issue. Furthermore, Evraz correctly points out that the lost policy issues raised by Travelers have also been raised by Hartford Fire Insurance Company ("Hartford"), a defendant in the Continental Action. Therefore, the court finds there are no uncommon issues of law or fact that would make consolidation inappropriate.

II.  Relative Weight of Judicial Interests

Evraz argues that the interests of fairness, judicial economy, and consistency weigh in favor of consolidation. The court disagrees. Given the different procedural postures of the cases, and the fact that both cases are assigned to the same judge, Evraz has not met its burden of demonstrating that judicial interests weigh in its favor.

### A. *Potential for Prejudice*

Travelers argues that consolidation at this stage would be unfairly prejudicial because the parties in the Continental Action have already briefed and the court has already decided key issues that Evraz will try to apply to Travelers. Evraz replies and asserts that FED.R.CIV.P. 42 does not permit Travelers automatically be held to the summary judgment ruling already issued in the Continental Action.

Due to the relative complexity and advanced procedural posture of the Continental Action, Travelers arguably would be prejudiced by consolidation. Evraz is correct that Travelers' liability would be unaffected by Judge Jelderks's partial summary judgment decision in the Continental Action. However, Travelers likely would be prejudiced in several ways if it were joined as a defendant in the Continental Action. First, litigation would be significantly more complex. A matter involving twelve defendants, an intervenor, and third-party practice would be more difficult for Travelers to manage than a simple case involving one plaintiff and one defendant. Second, the Continental Action is a complex case, will take longer to get to trial, and, thus, is likely to be more costly to litigate. This argument is even more compelling considering Evraz intentionally filed the Travelers Action and Continental Action separately instead of joining Travelers to the existing Continental Action in 2011.

### B. *Judicial Resources and Inconsistent Results*

Evraz argues consolidation will conserve judicial resources and reduce the threat of inconsistent rulings between the two cases. Travelers argues that consolidation will create inefficiencies due to the differing procedural posture of each case. Additionally, Travelers argues that the threat of inconsistent rulings is low considering both Actions have been assigned to the same judge who has knowledge of the facts and procedural background of both Actions.

The court finds that judicial economy and the need for consistent results weigh against consolidation. The primary factor weighing against complete consolidation is that both the Travelers Action and Continental Action are assigned to this court. To the extent that judicial economy is served by consolidation, the court may selectively join the two Actions for individual motions and hearings. Further, selective consolidation will also prevent inconsistent results. When one judge manages two related cases, that judge will be aware of the rulings in each case and can ensure that inconsistent rulings on similar issues are avoided. Such an arrangement also makes it possible for the parties to brief the court on how best to avoid potential inconsistencies.

Because Evraz's concerns of judicial economy and the threat of inconsistent results at this time are remedied by assignment of both cases to the same judge, the court will not consolidate the Travelers Action and the Continental Action at this time. This determination is without finding that the two cases are unsuitable for consolidation at a later time, and is without prejudice to Evraz's ability to request consolidation of isolated motions and hearings.

*Conclusion*

For the reasons stated, Evraz's motion to consolidate is DENIED without prejudice to Evraz's ability to move for selective consolidation of isolated motions.

IT IS SO ORDERED.

DATED this 3rd day of December, 2013.

        /s/John V. Acosta
        JOHN V. ACOSTA
        United States Magistrate Judge